O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ANDERSON, MICHAEL DOZIER, DAVID MARCINKUS, ARI FRIEDMAN AND ARI MILLER,<br><br>        Plaintiff,<br><br>  v.<br><br>JOHN SCOTT; CHARLIE BECK,<br><br>        Defendants. | Case No. CV 14-05241 DDP (PLAx)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [8] AND GRANTING DEFENDANTS' MOTION TO DISMISS[13]** |

    Presently before the court are Plaintiffs' Motion for Summary Judgment and Defendants' Motion to Dismiss.  Having considered the submissions of the parties, the court denies Plaintiffs' Motion, grants Defendants' motion, and adopts the following Order.

**I.    Background**

    California prohibits the carrying of concealed firearms, with certain exceptions.  Cal. Penal Code § 25400.  One of those exceptions allows concealed carry by a person who holds a concealed carry license.  Cal. Penal Code § 25655.  County sheriffs may issue concealed carry permits to applicants who show (1) good moral

character, (2) that "good cause exists for issuance of the license[,]" (3) that they reside within the county, or have a principal place of business or employment in the county and spend a "substantial period of time" in that place, and (4) that they have completed a training course. Cal. Penal Code § 26150.

Plaintiffs allege that they are residents of Los Angeles County and "seek concealed weapon permits," although only some of them have actually applied for such a permit. (Complaint ¶¶ 2, 10-12.) Plaintiffs further allege that Defendants refuse to issue a permit "absent evidence of an imminent threat." (Id. ¶ 7.) Plaintiffs allege that they cannot exercise their rights under the Second Amendment without a concealed carry permit, and that Defendants' discretionary decisions to deny Plaintiffs permits therefore violates Plaintiffs' fundamental rights. (Id. ¶¶ 6, 13.)

Soon after filing this case, Plaintiffs moved for summary judgment. Defendants responded by moving to strike the motion for summary judgment, to dismiss the case, and to stay this matter until the conclusion of appellate proceedings related to Peruta v. County of San Diego, 742 F.3d 1144 (9th Cir. 2014). This Court granted a stay pending issuance of the mandate in Peruta. The Ninth Circuit ultimately reheard Peruta en banc and issued an opinion addressing the question raised here by Plaintiffs.

**II. Legal Standard**

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party

2

seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). All reasonable inferences from the evidence must be drawn in favor of the nonmoving party. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 242 (1986). If the moving party does not bear the burden of proof at trial, it is entitled to summary judgment if it can demonstrate that "there is an absence of evidence to support the nonmoving party's case." <u>Celotex</u>, 477 U.S. at 323.

Once the moving party meets its burden, the burden shifts to the nonmoving party opposing the motion, who must "set forth specific facts showing that there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 256. Summary judgment is warranted if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." <u>Anderson</u>, 477 U.S. at 248. There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

It is not the court's task "to scour the record in search of a genuine issue of triable fact." <u>Keenan v. Allan</u>, 91 F.3d 1275,

3

1278 (9th Cir.1996). Counsel has an obligation to lay out their support clearly. <u>Carmen v. San Francisco Sch. Dist</u>., 237 F.3d 1026, 1031 (9th Cir.2001). The court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate references so that it could conveniently be found." <u>Id.</u> "[W]hen the material facts are undisputed and resolution of a motion for summary judgment turns on a question of law, the court may determine as a matter of law which party's position is correct as a matter of law." <u>Gulf Ins. Co. v. First Bank</u>, No. CIV-S-08-209 LKK/JFM, 2009 WL 1953444 at *2 (E.D. Cal. July 7, 2009) (citing <u>Asuncion v. Dist. Dir. of U. S. Immigration & Naturalization Serv.</u>, 427 F.2d 523, 524 (9th Cir. 1970).

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." <u>Id.</u> at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked

4

assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

Under the Second Amendment, "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. Plaintiffs, relying largely upon the Supreme Court's decisions in District of Columbia v. Heller, 554 U.S. 570 (2008) and McDonald v. City of Chicago, 561 U.S. 742 (2010), contend that the Second Amendment requires that they be issued concealed carry permits. The Ninth Circuit, sitting en banc, squarely addressed, and rejected, this argument in Peruta.[1]  Peruta v. County of San Diego, 824 F.3d 919 (2016).

As the Peruta court explained, the Supreme Court held in Heller that the Second Amendment "preserves the right of members of

---

[1] Hereinafter, all references to Peruta refer to the Ninth Circuit's en banc decision. Peruta v. County of San Diego, 824 F.3d 919 (2016).

5

the general public to keep and bear arms in their homes for the purpose of self-defense." Peruta, 824 F.3d at 928 (citing Heller, 554 U.S. at 635.)  As the en banc court further explained, the Supreme Court was careful to observe that the scope of the Second Amendment is not unlimited, and that, "for example, the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues." Id. (quoting Heller, 554 U.S. at 626-27) (emphasis omitted).  The Supreme Court later clarified in McDonald that the Due Process Clause of the Fourteenth Amendment "incorporates the Second Amendment right recognized in Heller," which therefore applies to the states. McDonald, 561 U.S. at 791.

Plaintiffs assert that, under Heller and McDonald, Defendants' discretionary concealed carry policies do not pass intermediate scrutiny.  (MSJ at 3-4.)  In Second Amendment cases, courts in the Ninth Circuit utilize a two-step inquiry that looks first to whether a challenged law burdens conduct protected by the Second Amendment and, if so, then directs the reviewing court to apply the appropriate level of scrutiny. Jackson v. City and County of San Francisco, 746 F.3d 953, 963 (2014); United States v. Chovan, 735 F.3d 1127, 1136 (2013).  This court cannot, therefore, proceed to analyze Defendants' policies under intermediate scrutiny without first determining whether the carrying of a concealed weapon in public is conduct protected by the Second Amendment.  The Peruta court, however, has already answered that question in the negative.

In Peruta, as here, plaintiffs contended that sheriffs' policies requiring "good cause" for the issuance of concealed carry

6

permits violated the Second Amendment under Heller and McDonald. Peruta, 824 F.3d at 924. After conducting an exhaustive historical analysis, the Peruta court determined that the carrying of concealed weapons was often proscribed and rarely, and even then only temporarily, considered to be a right, either by state courts or the Supreme Court. Id. at 929-939. The Peruta court therefore concluded that "the Second Amendment right to keep and bear arms does not include, in any degree, the right of a member of the general public to carry concealed firearms in public." Id. at 939.

The policies challenged here undisputedly impair Plaintiffs' ability to carry concealed weapons in public. Binding authority, however, dictates that such conduct does not enjoy any Second Amendment protection. This court's analysis therefore need go no further. Plaintiffs' Motion for Summary Judgment must be denied, and their claim dismissed as a matter of law.

**IV. Conclusion**

For the reasons stated above, Plaintiffs' Motion for Summary Judgment is DENIED. Defendants' Motion to Dismiss is GRANTED. Plaintiffs' Complaint is DISMISSED.

IT IS SO ORDERED.

Dated: January 9, 2016

DEAN D. PREGERSON
United States District Judge

7